JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
PHILIP L. GREGORY (SBN 95217)
pgregory@cpmlegal.com
SEAN E. PONIST (SBN 204712)
sponist@cpmlegal.com
JOSEPH C. WILSON (SBN 249027)
jwilson@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Attorneys for Plaintiff

JAMES P. BENNETT (CA SBN 65179)
JBennett@mofo.com
EDGAR B. WASHBURN (CA SBN 34038)
EWashburn@mofo.com
CHRISTOPHER J. CARR (CA SBN 184076)
CCarr@mofo.com
BRIAN J. MARTINEZ (CA SBN 224587)
BrianMartinez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RICHARD WILSON and CHRIS MARANTO,<br><br>Plaintiffs,<br><br>v.<br><br>MAXXAM INC., a Delaware corporation; THE PACIFIC LUMBER COMPANY, a Delaware corporation; SCOTIA PACIFIC COMPANY LLC, a Delaware limited liability company; SALMON CREEK LLC, a Delaware limited liability company; CHARLES E. HURWITZ, an individual,<br><br>Defendants. | **CASE NO.C-06-7497 CW (JL)**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**<br><br>Action Filed: December 7, 2006<br>Trial Date: April 20, 2009 |

The parties, through their respective counsel of record, submit the following Stipulation and [Proposed] Protective Order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential internal financial documents, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting *U.S. ex rel. Wilson and Maranto v. MAXXAM Inc., et al.* Case No. C 06-7497 CW (JL) (U.S. District Court, Northern District of California) and *State of California ex rel. Wilson and Maranto v. MAXXAM Inc., et al.* Case No. CGC-06-458528 (San Francisco County Superior Court) would be warranted. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulation and Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in both *U.S. ex rel. Wilson and Maranto v. MAXXAM Inc.*, et al. Case No. C 06-7497 CW (JL) and *State of California ex rel. Wilson and Maranto v. MAXXAM Inc., et al.* Case No. CGC-06-458528. The parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 10 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other

things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Disclosure or Discovery Material that is non-public and that a Party or non-party in good faith believes must be held confidential to protect personal privacy interests or proprietary commercial or business information, including trade secrets, or otherwise have a compelling need for privacy.

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive CONFIDENTIAL Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Those items or information that derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use or those items which contain financial information of the Party that is not generally known to the public shall be subject to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protection.

2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>In-House Counsel</u>: Attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Procedures for Designating Material for Protection</u>: Any Party to this litigation, or any non-party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY any Protected Material it produces. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulation and Order (*see, e.g.*, second paragraph of 5.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

(a)    For Information in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings): That the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material. In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout, with the understanding that portions of those documents not containing Protected Material can be de designated within 20 days. Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such. Within 20 days after receipt

of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

(b) For Testimony Given in Deposition or in Other Pretrial or Trial Proceedings: Any Party or non-party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, any Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulation and Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

The court reporter shall affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each transcript page containing Protected Material.

(c)   For Information Produced in Some Form Other than Documentary, and for Any Other Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Where a computer disk has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 5.2 and the files on it are not individually Bates-numbered or identified as Protected Material, all files contained on the disk shall be considered Protected Material in accordance with the Producing Party's designation of the disk. All files contained on the disk shall be considered Protected Material in accordance with the Producing Party's designation of the disk. Within 30 days after receipt, any Receiving Party may designate the information or item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3   Contractual Obligations to Non-Parties: During the course of this action, a Party or non-party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a non-party. The Party or non-party subject to the contractual or other obligation of confidentiality shall promptly contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the confidential information under the terms of this Stipulation and Protective Order. If that person is so willing, or fails to respond before responses or production is due, the information shall be produced in accordance with this Stipulation and Protective Order. If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the

terms of this Stipulation and Protective Order, the Party seeking the information in this litigation shall be so notified, and any documents withheld on the basis of a contractual or other confidentiality obligation shall be identified on a separate index providing a description of the documents withheld, the reason for withholding the document, the person to whom the obligation of confidentiality is owed and the person's contact information. This index shall be produced within 10 days of the time required for the Party's or Non-Party's response. This Stipulation and Protective Order shall not preclude any Party from moving the Court for an order compelling production of such material.

      5.4    <u>Inadvertent Failures to Designate and Redesignation</u>: Inadvertent production of material that is later claimed to contain confidential or proprietary information or is otherwise subject to the attorney-client, attorney work product, or other applicable privilege or doctrine shall not be deemed a waiver of the right to designate the document as Protected Material, or a waiver of any privilege or doctrine, provided that the Producing Party asserts such designation of privilege/doctrine or protection within 15 days of the discovery of such inadvertent production. If material that is otherwise subject to the attorney-client, attorney-work product, or other applicable privilege is produced, the Receiving Party shall immediately return all copies of such material to the Producing Party upon discovery of such disclosure. The Producing Party shall comply with Paragraph 5.2 when redesignating Disclosure or Discovery Material as Protected Material. Following any redesignation of Disclosure or Discovery Material as Protected Material (or redesignation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), the Party receiving such Protected Material shall take reasonable steps to comply with the redesignation, including, without limitation, retrieving all copies and excerpts of any redesignated Protected Material from persons not entitled to receive it.

    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a Party does not

1  waive its right to challenge a confidentiality designation by electing not to mount a challenge
2  promptly after the original designation is disclosed.

3       6.2     Meet and Confer:  A Party that elects to initiate a challenge to a
4  Designating Party's confidentiality designation must do so in good faith and must begin the
5  process by conferring directly (in voice-to-voice dialogue; other forms of communication are not
6  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must
7  explain the basis for its belief that the confidentiality designation is not proper and must give the
8  Designating Party an opportunity to review the designated material, reconsider the circumstances
9  and, if no change in designation is offered, explain the basis for the chosen designation.  A
10 challenging Party may proceed to the next stage of the challenge process only if it has first
11 engaged in this meet -and -confer process.

12      6.3     Judicial Intervention:  A Party that elects to press a challenge to a
13 confidentiality designation after considering the justification offered by the Designating Party
14 may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local
15 Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis
16 for the challenge.  Each such motion must be accompanied by a competent declaration affirming
17 that the movant has complied with the meet -and -confer requirements imposed in the preceding
18 paragraph and setting forth with specificity the justification for the confidentiality designation
19 that was given by the Designating Party in the meet -and -confer dialogue.

20      The burden of persuasion in any such challenge proceeding shall be on the
21 Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the
22 material in question the level of protection to which it is entitled under the Producing Party's
23 designation.

24 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

25      7.1     Basic Principles:  A Receiving Party may use Protected Material that is
26 disclosed or produced by another Party or by a non-party in connection with this case only for
27 prosecuting, defending or attempting to settle this litigation.  Such Protected Material may be
28 disclosed only to the categories of persons and under the conditions described in this Order.

1  When this litigation has been terminated, a Receiving Party must comply with the provisions of
2  Paragraph 11 below (FINAL DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a
4  location and in a secure manner ensuring that access is limited to the persons authorized under
5  this Order.

6          7.2    Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise
7  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may
8  disclose any information or item designated "CONFIDENTIAL" only to:

9          (a)    the Receiving Party's Outside Counsel of record in this action, as
10  well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the
11  information for this litigation and who have signed the "Agreement to Be Bound by Protective
12  Order" that is attached hereto as Exhibit A;

13          (b)    the former and current officers, directors, and employees (including
14  In House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this
15  litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

16          (c)    any insurer or indemnitor of any defendant in this action;

17          (d)    Experts (as defined in this Order) of the Receiving Party to whom
18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
19  Bound by Protective Order" (Exhibit A);

20          (e)    the Court, any mediators, and its personnel;

21          (f)    court reporters, their staffs, and professional vendors to whom
22  disclosure is reasonably necessary for this litigation;

23          (g)    during their depositions, witnesses in the action to whom disclosure
24  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
25  (Exhibit A); pages of transcribed deposition testimony or exhibits to depositions that reveal
26  Protected Material must be marked CONFIDENTIAL by the court reporter and may not be
27  disclosed to anyone except as permitted under this Stipulation and Protective Order; and
28

    (h)  the author of the document or the original source of the information.

 7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (b)  In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)  Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (iii) as to whom the procedures set forth in Paragraph 7.4 below have been followed;

    (d)  the Court, any mediators, and its personnel;

    (e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

    (f)  the author of the document or the original source of the information.

 7.4  <u>Procedure for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>:

    (a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1   information that the Receiving Party seeks to disclose to the Expert; (2) sets forth the full name of
2   the Expert and the city and state of his or her primary residence, (3) attaches a copy of the
3   Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person
4   or entity from whom the Expert has received compensation for work in his or her areas of
5   expertise or to whom the Expert has provided professional services at any time during the
6   preceding five years, and (6) identifies (by name and number of the case, filing date, and location
7   of court) any litigation in connection with which the Expert has provided any professional
8   services during the preceding five years.

        (b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

        (c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice -to -voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

        In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosure (by fax or email) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order; and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this action, each Receiving Party must destroy all Protected Material or return it to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 above. The Court shall retain jurisdiction to enforce the terms of this Protective Order.

### MISCELLANEOUS

11.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2  **Right to Assert Other Objections**: By stipulating to the entry of this Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 22, 2008                MORRISON & FOERSTER LLP

By: _____/s/_____
BRIAN J. MARTINEZ

*Counsel for Defendants MAXXAM Inc. and Charles E. Hurwitz*

COTCHETT, PITRE & McCARTHY

Dated: August 22, 2008

BY: _____/s/_____
SEAN E. PONIST
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

William G. Bertain
LAW OFFICE OF WILLIAM G. BERTAIN
1310 Sixth Street
Eureka, CA 95501
Tel: (707) 443-5078
Fax: (707) 443-4998

Paul N. "Pete" McCloskey, Jr.
LAW OFFICES OF PAUL N. McCLOSKEY, JR.
600 Allerton Street, Suite 202
Redwood City, CA 94063
Tel: (650) 568-3110
Fax: (650) 568-3376

*Counsel for Plaintiff the United States of America ex. rel. Richard Wilson and Chris Maranto*

1                          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
                 September 2, 2008

2 Dated: ~~August ___, 2008~~

*IT IS SO ORDERED*
*Judge Joseph C. Spero*
(United States District Court, Northern District of California seal)

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *U.S. ex rel. Wilson and Maranto v. MAXXAM Inc., et al.*

I agree to comply with and be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order even if such enforcement proceedings occur after termination of this action.

Dated: _____

: _____
(signature)

Name:

Address: