IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RICHARD WILSON and CHRIS MARANTO,<br><br>  Plaintiffs,<br><br>  v.<br><br>MAXXAM, INC., et al.,<br><br>  Defendants. | No. C 06-7497 CW<br><br>ORDER SUSTAINING PLAINTIFFS' OBJECTION TO DISCOVERY ORDER |

INTRODUCTION

Plaintiffs have filed an objection to Judge Spero's order denying their motion for reconsideration of Judge Larson's earlier ruling that the Court lacks jurisdiction to compel three of the Defendants -- Pacific Lumber Co., Scotia Pacific Co. and Salmon Creek, LLC (Debtor Defendants) -- to produce discovery. Debtor Defendants, which were dissolved pursuant to a reorganization plan confirmed by the bankruptcy court for the Southern District of Texas, have not filed a response to Plaintiffs' objection. However, their counsel, the law firm of Morrison & Foerster, which also represents the remaining Defendants, Maxxam Inc. and Charles Hurwitz, as well as one of the successor entities to Debtor

Defendants, has filed a response arguing that the objection should be overruled.  The matter was heard on October 16, 2008.  Having considered oral argument and all of the papers submitted by the parties, the Court sustains the objection.

## DISCUSSION

Plaintiffs' objection is based on a stipulated settlement of their qui tam claims against Debtor Defendants in this case.  The settlement was reached in the course of the bankruptcy proceedings in the Southern District of Texas and was entered by the bankruptcy court on February 28, 2008.  Pursuant to the settlement agreement, Debtor Defendants agreed to "remain nominal parties in the . . . Federal Qui Tam Action solely for purposes of responding to pre-trial discovery."  Pls.' Ex. A at ¶ 3.  The agreement further provided that Debtor Defendants "shall not be required to respond to any discovery propounded by Claimants in the . . . Federal Qui Tam Action as allowed in this Stipulation before the earlier of (a) the effective date of a confirmed plan of reorganization as to each Debtor in these bankruptcy cases or (b) June 1, 2008."  Id.  The agreement thus explicitly contemplated that Debtor Defendants' counsel would respond to Plaintiffs' discovery requests following the confirmation of Debtor Defendants' reorganization plan, notwithstanding Debtor Defendants' dissolution.  In addition, during a March 11, 2008 hearing before this Court, Debtor Defendants' counsel implicitly represented to the Court that they would provide discovery following reorganization.

On July 8, 2008, the bankruptcy court confirmed Debtor Defendants' reorganization plan.  Pursuant to the plan, all of

2

Debtor Defendants' assets were transferred to Newco (now known as Humboldt Redwood Company) and Townco (now known as Town of Scotia, LLC) as reorganized entities "free and clear of all Claims, Liens, charges, other encumbrances and Interests." Defs.' Ex. D at ¶ 7.1. An injunction in the plan provides that entities with claims against Debtor Defendants are prohibited from "continuing in any manner any action or other proceeding of any kind with respect to any such claim." Id. at ¶ 10.1.2. The plan also provides, "As soon as practicable after the Effective Date, the Reorganized Entities may take all actions necessary or appropriate to effect the dissolution of each of the Debtors under the appropriate state laws or take such other actions as the Reorganized Entities deem appropriate to provide for the revocation of the corporate charter for each of the Debtors." Id. at ¶ 7.9. Pursuant to this provision, Debtor Defendants were dissolved.[1]

Magistrate Judge Larson found that Debtor Defendants' dissolution extinguished their discovery obligations. However, Judge Larson apparently was not informed of the settlement agreement before issuing his decision. The Court finds that the settlement agreement requires that Debtor Defendants produce discovery in this action.

Morrison & Foerster emphasizes that the settlement agreement on which Plaintiffs rely was entered into between Plaintiffs and entities which no longer exist. However, the agreement

---

[1] As of the date of Morrison & Foerster's response to Plaintiffs' objection, Pacific Lumber and Scotia Pacific had already been dissolved. Salmon Creek was scheduled to be dissolved by October 10.

3

1  contemplates that Debtor Defendants' "officers, directors, agents,
2  [and] representatives" will be required to produce discovery
3  following the reorganization.  Pls.' Ex. A at ¶ 3.  These
4  individuals and entities -- including Morrison & Foerster -- still
5  exist and are capable of fulfilling the obligations they undertook
6  pursuant to the settlement agreement.  Nor does it appear that
7  Morrison & Foerster will be unable to access the documents that are
8  the subject of Plaintiffs' discovery requests, in that the firm may
9  already have responsive documents in its possession and, in any
10 event, represents Humboldt Redwood Company, the entity to which
11 Debtor Defendants' assets were transferred as part of the
12 reorganization.
13    Morrison & Foerster also argues that the settlement agreement
14 was superseded by the confirmed reorganization plan, and that
15 permitting discovery would violate the terms of the plan.  However,
16 nothing in the plan states that it extinguishes the obligations
17 undertaken in the settlement agreement.  Nor would requiring Debtor
18 Defendants' officers, directors, agents and representatives to
19 respond to discovery requests be tantamount to permitting
20 Plaintiffs to pursue a "claim" against the reorganized entities.
21 Plaintiffs do not seek to impose liability on those entities.  They
22 simply seek to hold Debtor Defendants and their counsel to their
23 word, and to obtain evidence relevant to this lawsuit.

## CONCLUSION

25    Debtor Defendants entered into an agreement in which they and
26 their representatives explicitly promised to provide discovery in
27 this action following reorganization.  Plaintiffs' objection to the

4

discovery order is therefore SUSTAINED.  As stated at the hearing, Morrison & Foerster shall respond to Plaintiffs' discovery requests by October 23, 2008.

    IT IS SO ORDERED.

Dated: 10/22/08

_____
CLAUDIA WILKEN
United States District Judge