IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RICHARD WILSON and CHRIS MARANTO,<br><br>  Plaintiffs,<br><br>  v.<br><br>MAXXAM, INC., et al.,<br><br>  Defendants. | No. C 06-7497 CW<br><br>AMENDED ORDER SUSTAINING PLAINTIFFS' OBJECTION TO DISCOVERY ORDER |

## INTRODUCTION

Plaintiffs have filed an objection to Judge Spero's order denying their motion for reconsideration of Judge Larson's earlier ruling that the Court lacks jurisdiction to compel three of the Defendants -- Pacific Lumber Co., Scotia Pacific Co. and Salmon Creek, LLC (Debtor Defendants) -- to produce discovery. Debtor Defendants, which were dissolved pursuant to a reorganization plan confirmed by the bankruptcy court for the Southern District of Texas, have not filed a response to Plaintiffs' objection. However, their counsel, the law firm of Morrison & Foerster, which also represents the remaining Defendants, Maxxam Inc. and Charles Hurwitz, as well as one of the successor entities to Debtor

1 Defendants, has filed submissions arguing that the objection should
2 be overruled.  The matter was heard on October 16, 2008 and the
3 Court issued an order resolving the motion on October 22, 2008.
4 This amended order follows Morrison & Foerster's motion for
5 reconsideration.  Having considered oral argument and all of the
6 papers submitted by the parties, the Court sustains Plaintiffs'
7 objection.

## DISCUSSION

9 Plaintiffs' objection is based on a stipulated settlement of
10 their qui tam claims against Debtor Defendants in this case.  The
11 settlement was reached in the course of the bankruptcy proceedings
12 in the Southern District of Texas and was entered by the bankruptcy
13 court on February 28, 2008.  Pursuant to the settlement agreement,
14 Debtor Defendants agreed to "remain nominal parties in the . . .
15 Federal Qui Tam Action solely for purposes of responding to pre-
16 trial discovery."  Pls.' Ex. A at ¶ 3.  The agreement further
17 provided that Debtor Defendants "shall not be required to respond
18 to any discovery propounded by Claimants in the . . . Federal Qui
19 Tam Action as allowed in this Stipulation before the earlier of
20 (a) the effective date of a confirmed plan of reorganization as to
21 each Debtor in these bankruptcy cases or (b) June 1, 2008."  Id.
22 The agreement thus explicitly contemplated that Debtor Defendants,
23 through counsel, would respond to Plaintiffs' discovery requests
24 following the confirmation of Debtor Defendants' reorganization
25 plan, notwithstanding Debtor Defendants' dissolution.  In addition,
26 during a March 11, 2008 hearing before this Court, Debtor
27 Defendants' counsel implicitly represented to the Court that they

2

would provide discovery following reorganization.

On July 8, 2008, the bankruptcy court confirmed Debtor Defendants' reorganization plan.  Pursuant to the plan, all of Debtor Defendants' assets were transferred to Newco (now known as Humboldt Redwood Company) and Townco (now known as Town of Scotia, LLC) as reorganized entities "free and clear of all Claims, Liens, charges, other encumbrances and Interests." Defs.' Ex. D at ¶ 7.1. An injunction in the plan provides that entities with claims against Debtor Defendants are prohibited from "continuing in any manner any action or other proceeding of any kind with respect to any such claim." Id. at ¶ 10.1.2.  The plan also provides, "As soon as practicable after the Effective Date, the Reorganized Entities may take all actions necessary or appropriate to effect the dissolution of each of the Debtors under the appropriate state laws or take such other actions as the Reorganized Entities deem appropriate to provide for the revocation of the corporate charter for each of the Debtors." Id. at ¶ 7.9.  Pursuant to this provision, Debtor Defendants were dissolved.[1]

Magistrate Judge Larson found that Debtor Defendants' dissolution extinguished their discovery obligations.  The Court finds that the settlement agreement requires that Debtor Defendants produce discovery in this action.

Morrison & Foerster emphasizes that the settlement agreement on which Plaintiffs rely was entered into between Plaintiffs and entities which no longer exist.  However, the agreement

---

[1] Salmon Creek was scheduled to be dissolved by October 10, 2008.  It is not clear whether this dissolution has been completed.

3

contemplates that Debtor Defendants' "officers, directors, agents, [and] representatives" will be required to produce discovery following the reorganization.  Pls.' Ex. A at ¶ 3.  These individuals and entities -- potentially including Morrison & Foerster and/or the other law firms who represented Debtor Defendants in the bankruptcy proceedings -- exist and are capable of fulfilling the obligations they undertook pursuant to the settlement agreement.  Nor does it appear that Morrison & Foerster will be unable to access the documents that are the subject of Plaintiffs' discovery requests, in that the firm has already produced responsive documents and, in any event, represents Humboldt Redwood Company, the entity to which Debtor Defendants' assets were transferred as part of the reorganization.

Morrison & Foerster also argues that the settlement agreement was superseded by the confirmed reorganization plan, and that permitting discovery would violate the terms of the plan.  However, nothing in the plan states that it extinguishes the obligations undertaken in the settlement agreement.  Nor did the plan <u>require</u> Debtor Defendants to reorganize.  They could have chosen to delay their dissolution until they had fulfilled their obligations to provide discovery in this case, and they will not be permitted to avoid those obligations because they chose to dissolve.  Further, requiring Debtor Defendants' officers, directors, agents and representatives to respond to discovery requests would not be tantamount to permitting Plaintiffs to pursue a "claim" against the reorganized entities, and thus does not violate the reorganization plan.  Plaintiffs do not seek to impose liability on Debtor

4

Defendants. They simply seek to hold Debtor Defendants to their word, and to obtain evidence relevant to this lawsuit.

Finally, to the extent Morrison & Foerster is concerned with uncertainty related to the practical aspect of producing discovery or to its ethical obligations under the circumstances, those concerns were addressed in a discovery conference held on December 9, 2008.

## CONCLUSION

Debtor Defendants entered into an agreement in which they and their representatives explicitly promised to provide discovery in this action following reorganization. Plaintiffs' objection to the discovery order is therefore SUSTAINED. The production required by the Court's October 22, 2008 order was addressed at the December 9, 2008 discovery conference. This amended order resolves Morrison & Foerster's motion for reconsideration.

IT IS SO ORDERED.

Dated: 1/16/09

CLAUDIA WILKEN
United States District Judge

cc: JCS