**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                            No. C 06-7497 CW
9   UNITED STATES OF AMERICA <u>ex rel.</u>
    RICHARD WILSON and CHRIS MARANTO,
10                                          ORDER ON MOTIONS IN
             Plaintiffs,                    LIMINE
11
        v.
12
    MAXXAM, INC., <u>et al.</u>,
13
             Defendants.
14   _____/

15

16

17      As stated at the final pre-trial conference, the Court rules

18   on the parties' motions in limine as follows:

19

    **Plaintiffs' Motions in Limine**
20

| No. 1: Permit introduction of the bankruptcy court's findings of fact | Denied |
| No. 2: Exclude Dr. Reimer's expert testimony | Denied |
| No. 3: Exclude Dr. Iles' expert testimony | Denied |
| No. 4: Preclude Defendants' experts from providing opinions that were not offered at their depositions | Granted, except to the extent the testimony relates to allegations raised by Plaintiffs subsequent to the depositions |

28

**United States District Court**
For the Northern District of California

| | |
|---|---|
| No. 5: Impose sanctions for spoliation of evidence | Denied |
| No. 6: Preclude Mr. Hurwitz from introducing any documentary evidence at trial | Denied, provided the documents were produced during discovery |
| No. 7: Preclude Defendants from introducing exhibits that they produced after the close of discovery | Denied |
| No. 8: Exclude evidence that contradicts admitted facts | Granted generally with respect to admissions by Mr. Hurwitz and Maxxam; specific evidence will be dealt with on a case-by-case basis |
| No. 9: Exclude evidence of appraisals of the Headwaters Forest conducted before the Headwaters Agreement was consummated | Denied |
| No. 10: Exclude Dr. Tedder's 1993 timber appraisal | Denied |
| No. 11: Preclude Defendants from arguing that, with respect to calculation of damages, they are entitled to an offset for any value received by the United States as a result of the Headwaters deal | Denied |

**Defendants' Motions in Limine**

| | |
|---|---|
| No. 1: Exclude allegations of Defendants' prior bad acts | Granted, except that Plaintiffs may introduce relevant testimony about the financing of Maxxam's acquisition of Pacific Lumber; information on previous forestry rule violations may be admissible if a government decision-maker testifies that the violations influenced the requirement that Pacific Lumber obtain approval of an SYP |

**United States District Court**
For the Northern District of California

| | |
|---|---|
| No. 2: Exclude evidence of Pacific Lumber's pre-takeover harvest practices or financial condition | Granted with respect to subjective characterizations of Pacific Lumber's commitment to conservation; denied with respect to Pacific Lumber's financial condition |
| No. 3: Preclude Plaintiffs from using inflammatory language to describe Defendants' timber harvesting practices | Granted in part; Plaintiffs may not use words such as "rape," "plunder" or "savage," but may use words such as "decimate" |
| No. 4: Exclude evidence or argument regarding alternative methods by which the government could have acquired Headwaters | Granted |
| No. 5: Exclude evidence of bankruptcy proceedings | Granted in part; testimony on the basic fact that Debtor Defendants declared bankruptcy and were re-organized will be permitted, but extensive testimony on the course of the bankruptcy proceedings will not |
| No. 6: Exclude evidence of or references to other corporate scandals | Granted, except that Plaintiffs may argue generally about the importance of corporate responsibility and may introduce testimony that Solomon Brothers financed Maxxam's purchase of Pacific Lumber |
| No. 7: Exclude evidence of Mr. Hurwitz's net worth | Granted, but the financial relationship between Mr. Hurwitz and Maxxam can be introduced in support of alter ego liability |
| No. 8: Exclude evidence of Plaintiffs' new fraud claims | See separate orders |

**United States District Court**
For the Northern District of California

| | |
|---|---|
| No. 9: Exclude evidence supporting Plaintiffs' withdrawn claims | Granted generally, but objections to specific evidence will be resolved on a case-by-case basis |
| No. 10: Exclude Plaintiffs' experts' supplemental reports | Denied without prejudice; the Court cannot rule on this motion without further briefing on the content of the reports |
| No. 11: Exclude evidence pertaining to the report, "Comments on the Pacific Lumber Economic White Paper" | Denied to the extent the report forms the basis of Plaintiffs' experts' opinions |
| No. 12: Preclude Michael Gjerde from testifying | Granted |
| No. 13: Exclude testimony on legal issues | Granted, but testimony on industry practice and definitions of technical terms used in regulations will be permitted |
| No. 14: Exclude evidence of Defendants' financial gain from the Headwaters sale | Granted |
| No. 15: Exclude evidence contradicting the government's record of decision from the Headwaters Purchase | Denied without prejudice; admissibility will be determined on a case-by-case basis |
| No. 16: Preclude Plaintiffs from referring to Mr. Hurwitz and Maxxam together with the Debtor Defendants using the label "Defendants" | Granted; Plaintiffs will refer to Mr. Hurwitz and Maxxam as "Defendants" and will refer to Pacific Lumber, Scotia Pacific and Salmon Creek by name |
| No. 17: Preclude Plaintiffs from referring to themselves as the United States and counsel from stating that they represent the United States | Granted; the Court will explain to the jury the relationship between Plaintiffs, their counsel and the United States; counsel will refrain from stating that they represent the United States |
| No. 18: Preclude Plaintiffs from referring to themselves as whistleblowers | Granted |

4

| No. 19: Exclude evidence of discovery disputes | Granted |
| No. 20: Exclude allegations about Defendants' alleged destruction of evidence | Granted, but Plaintiffs' experts may state that certain evidence relevant to the computer modeling could not be located and may explain the significance of that evidence |

IT IS SO ORDERED.



Dated: 4/14/09

CLAUDIA WILKEN
United States District Judge

5