IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, by RICHARD WILSON and CHRIS MARANTO,

    Plaintiffs,

  v.

MAXXAM, INC. and CHARLES E. HURWITZ,

    Defendants.

                                            /

No. C 06-7497 CW

[DRAFT] PRELIMINARY JURY INSTRUCTIONS

**DUTY OF THE JURY**

    Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

    These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial and refer to it.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

    You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

    It is your duty to find the facts from all the evidence in the

case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### CLAIMS AND DEFENSES

To help you follow the evidence, I will first give you some general background information about the case.  This is a civil case brought under the federal False Claims Act by two private individuals, Richard Wilson and Chris Maranto, acting in the name of the United States.  Mr. Wilson and Mr. Maranto are called the "Plaintiffs."  They are suing a company called Maxxam Inc. and its Chairman of the Board and Chief Executive Officer, Charles E. Hurwitz.  Maxxam and Mr. Hurwitz are called the "Defendants."

The False Claims Act is a federal law that authorizes private citizens to bring actions on behalf of the United States to recover damages caused by false or fraudulent claims submitted to the United States in order to receive federal funds.  A False Claims Act case brought by a private citizen is sometimes called a "qui tam" case.  Before pursuing a False Claims Act case, the private citizen must give notice to the United States government.  The United States government may then choose to intervene and play an active role in the case, or not.  In this case, the United States government chose not to intervene.  This decision, however, does not prevent Plaintiffs from pursuing their claims.  Although the

2

United States is not a party in the case, it would receive a portion of any damages awarded.

Plaintiffs allege that Defendants defrauded the United States when a Maxxam subsidiary by the name of the Pacific Lumber Company sold a redwood forest called the Headwaters Forest to the government.  Maxxam acquired Pacific Lumber, which was based in Northern California, in 1985.  At the time of the purchase, Pacific Lumber's timber land included the Headwaters Forest, the largest privately-held old-growth forest in the United States.  Plaintiffs allege that, in order to pay off the large amount of debt that Defendants assumed in purchasing Pacific Lumber, Defendants decided to increase the logging of Pacific Lumber's old-growth timber, including timber in the Headwaters Forest.  This created a great deal of public controversy.

In 1996, the United States government and the State of California entered into an agreement with Pacific Lumber and its parent company, Maxxam, to purchase the Headwaters Forest and certain other property.  The United States paid $250 million toward the purchase.  Under the agreement, the Headwaters Forest would be permanently set aside for its protection.  However, the Headwaters Agreement provided that the purchase would not go through unless several conditions were first satisfied.  One of these conditions was approval by the State of California of a Sustained Yield Plan for the 200,000 acres of timber land that would remain under Pacific Lumber's ownership.  A Sustained Yield Plan is a long-term plan addressing future logging.  It is designed to make sure that timber harvests are conducted in accordance with sound principles of sustainable forestry.

3

Plaintiffs allege that Defendants violated the False Claims Act by submitting a false Sustained Yield Plan. Plaintiffs allege that, in creating the Sustained Yield Plan, Defendants used a fraudulent computer model in order to convince the State of California to grant approval of more logging than would have been permitted if the computer model were not fraudulent. Plaintiffs allege that, if the United States had known that the Sustained Yield Plan was false, it would not have paid $250 million to purchase the Headwaters Forest.

Defendants deny Plaintiffs' allegations. They say that the United States government's real interest in the Headwaters Agreement was to acquire the Headwaters Forest so that the forest could be permanently set aside as a nature preserve, and that the United States paid $250 million for this purpose alone. Defendants say that the SYP was not important to the United States and had nothing to do with the Headwaters Forest because it applied only to land that was not sold to the government. Defendants also say there was nothing fraudulent about the computer modeling in the SYP. They say that Pacific Lumber discussed with the California Department of Forestry the issues that Plaintiffs are now complaining about, and that the California Department of Forestry agreed that Pacific Lumber's modeling was appropriate under the circumstances. Finally, Defendants argue that they are not legally responsible for the actions of Pacific Lumber, and that Plaintiffs' claims are barred by the statute of limitations because they brought their claims too late.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are

4

consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which the lawyers have agreed.

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

    (3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

    (4) Anything you see or hear when the Court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That

6

means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicts the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**OVERVIEW OF APPLICABLE LAW**

I will now give you a brief description of the law that governs Plaintiffs' claims. I will provide you with more detail about the law in the final version of these instructions. I may also instruct you during the course of the trial about certain determinations you will need to make that are not described in

7

these instructions.

The False Claims Act defines three ways in which a defendant may be found liable for submitting or contributing to the submission of a false claim.

First, a defendant may be found liable for knowingly presenting or causing to be presented a false claim to the United States.

Second, a defendant may be found liable for knowingly making, using, or causing to be made or used, a false statement in order to get the United States to pay a false claim.

Third, a defendant may be found liable for conspiring with one or more other persons to get a false claim paid by the United States.

Plaintiffs have alleged that each of the Defendants has violated the False Claims Act in all three of these ways.  I will describe each one for you in turn.

**I.   Submitting a False or Fraudulent Claim to the United States for Payment or Approval**

The first section of the False Claims Act makes it unlawful to knowingly present to an officer or employee of the United States government a false or fraudulent claim for payment or approval.  To prove a violation of this section of the False Claims Act against each Defendant, Plaintiffs must prove:

1.   That the Defendant presented or caused to be presented to the United States a claim for payment or approval; and
2.   That the claim was false or fraudulent; and
3.   That the Defendant made the false or fraudulent claim knowingly; and

8

    4.    That the misrepresentation was material to the United States government's decision to the pay the false or fraudulent claim.

A "claim" is a request or demand for money or property, whether under a contract or otherwise, if the United States government provides any portion of the money or property that is requested or demanded. A claim is "false" if it is untrue when made or when used. A claim is "fraudulent" if the speaker knows it to be untrue at the time it is made or used. Satisfaction of the "false or fraudulent" requirement requires proof of an objective falsehood. A false or fraudulent statement is "material" if there is a direct link between the statement and the United States government's decision to pay or approve a false claim.

## II. Using a False Record or Statement to Get a False or Fraudulent Claim Paid or Approved by the United States

The second section of the False Claims Act makes it unlawful to knowingly make, use, or cause to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the United States. To prove a violation of this section of the False Claims Act against each Defendant, Plaintiffs must prove:

    1.    That the Defendant made, used, or caused someone else to make or use, a record or statement for the purpose of getting a false or fraudulent claim paid or approved by the United States; and

    2.    That the record or statement was false or fraudulent; and

    3.    That the Defendant knew the record or statement was false or fraudulent when made; and

    4.    That the false or fraudulent record or statement was

>material to the United States' decision to pay the false or fraudulent claim.

Again, a "claim" is a request or demand for money or property, whether under a contract or otherwise, if the United States government provides any portion of the money or property that is requested or demanded. A claim, record or statement is "false" if it is untrue when made or when used. A claim, record or statement is "fraudulent" if the speaker knows it to be untrue at the time it is made or used. Satisfaction of the "false or fraudulent" requirement requires proof of an objective falsehood. A false or fraudulent record or statement is "material" if there is a direct link between the statement and the United States government's decision to pay or approve a false claim.

### III. Conspiring to Defraud the United States by Getting a False or Fraudulent Claim Allowed or Paid

The third section of the False Claims Act makes it unlawful to conspire to defraud the United States by getting a false or fraudulent claim allowed or paid. To prove a violation of this section of the False Claims Act against each Defendant, Plaintiffs must prove:

1. That the Defendant conspired with one or more persons to have a false or fraudulent claim paid by the United States; and

2. That the Defendant acted with the intent to defraud the United States; and

3. That one or more of the conspirators performed an act to get such a claim paid or approved by the United States.

Under this section also, a "claim" is a request or demand for

10

money or property, whether under a contract or otherwise, if the United States government provides any portion of the money or property that is requested or demanded. A claim is "false" if it is untrue when made or when used. A claim is "fraudulent" if the speaker knows it to be untrue at the time it is made or used. Satisfaction of the "false or fraudulent" requirement requires proof of an objective falsehood. An "overt act" is any act knowingly committed by one of the conspirators in an effort to accomplish some object or purpose of the conspiracy.

## STATUTE OF LIMITATIONS

The statute of limitations is a law governing when lawsuits must be brought in order to be timely. In this case, Plaintiffs' lawsuit is timely if it was filed within three years from the date when the facts material to the lawsuit were known, or reasonably should have been known, to Plaintiffs. If either Plaintiff knew, or should have known, before December 7, 2003 of the facts material to their lawsuit, then the statute of limitations bars this case. Plaintiffs have the burden of proving that the statute of limitations does not bar this lawsuit.

## INDIVIDUALS AND CORPORATIONS

Individuals are responsible for their own actions. Under the law, a corporation is considered to be a person. A corporation is entitled to the same fair and conscientious consideration by you as any party. A corporation can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority. A subsidiary corporation is a corporation that is owned and

11

1 controlled by another corporation, sometimes called the parent
2 corporation.  In this case, the Pacific Lumber Company was a
3 subsidiary of Maxxam Corporation.  The Plaintiffs claim that
4 Defendants Charles Hurwitz and Maxxam Inc. are liable for the acts
5 of the Pacific Lumber Company.  One purpose of a corporate entity
6 is to shield its shareholders from liability.  As a result, except
7 under certain circumstances, a corporate officer or director is not
8 liable for the acts of a corporation, and a parent corporation is
9 not liable for the acts of its subsidiary.  In order to be liable
10 under the False Claims Act for the acts of a corporation or
11 subsidiary, the officer must participate in the wrongful acts.  I
12 will instruct you further on this later.

### CONDUCT OF THE JURY

14     I will now say a few words about your conduct as jurors.
15     First, you are not to discuss this case with anyone, including
16 members of your family, people involved in the trial, or anyone
17 else; this includes discussing the case on the internet.  Nor are
18 you allowed to permit others to discuss the case with you.  If
19 anyone approaches you and tries to talk to you about the case,
20 please let me know about it immediately;
21     Second, do not read or listen to any news stories, articles,
22 radio, television, or online reports about the case or about anyone
23 who has anything to do with it;
24     Third, do not do any research, such as consulting
25 dictionaries, searching the internet or using other reference
26 materials, and do not make any investigation about the case on your
27 own;
28     Fourth, if you need to communicate with me simply give a

12

1  signed note to the courtroom deputy clerk to give to me; and
2      Fifth, do not make up your mind about what the verdict should
3  be until after you have gone to the jury room to decide the case
4  and you and your fellow jurors have discussed the evidence.  Keep
5  an open mind until then.
6      Finally, until this case is given to you for your deliberation
7  and verdict, you are not to discuss the case with your fellow
8  jurors.

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  You will be provided with paper and pencils to take notes when the testimony begins.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your

fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You may propose written questions to witnesses. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

If you wish, you may write out your question on a form provided by the court. Do not sign the question. Give it to the courtroom deputy clerk during one of your breaks. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording you submit. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**OUTLINE OF TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is

14

simply an outline to help you understand what that party expects the evidence will show.

After opening statements, Plaintiffs will present evidence. After Plaintiffs' counsel conducts a direct examination of a witness, Defendants' counsel may cross-examine the witness. During Plaintiffs' presentation of evidence, I may, for efficiency reasons, require Defendants' counsel to conduct their own examination of a particular witness following Plaintiffs' examination. When Plaintiffs have concluded their presentation of evidence, Defendants may present additional evidence, and Plaintiffs' counsel may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict. After you have reached your verdict, you will be excused.